UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ARTHUR KETOLA,
    Plaintiff,

No. 1:08-cv-031

-v-

HONORABLE PAUL L. MALONEY

BEN CLEARWATER, ET. AL.,
    Defendants.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CLEARWATER'S AND DEFENDANT ERNSTES' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

On February 8, 2008, a jury found Plaintiff Joseph Ketola guilty of first degree home invasion and aggravated assault for beating his wife. Plaintiff is proceeding *pro se.* Plaintiff, currently a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint against multiple parties on the basis of events surrounding his arrest on August 12, 2007. Plaintiff has since filed an amended complaint. (Amended Compl. - Dkt. No. 23.) Although the amended complaint is not a model of clarity, this court has already interpreted the action as a civil rights suit filed under 42 U.S.C. § 1983. *Ketola v. Clearwater*, No. 1:08-cv-31 (W.D. Mich. Oct. 31, 2008) (Enslen, J.) (opinion granting two motions to dismiss for failure to state a claim). The essence of Plaintiff's claim is one for deliberate indifference to his serious medical needs by the arresting officers, medical personnel, and various government entities. With regard to the arresting officers, Plaintiff alleges they unconstitutionally denied or otherwise delayed his medical treatment simply because they believed he was guilty. Although not relevant to the outcome of this motion, whatever vestiges of chivalry that may have existed in Plaintiff's life prior to this incident have clearly evaporated. *Cf. Dubay v. Wells*, 442 F.Supp.2d 404, 405 (E.D. Mich. 2006) (Lawson, J.) ("If chivalry is not dead, its viability is gravely imperiled by the plaintiff in this case.

But chivalry is not the issue here, nor does it provide a basis upon which to decide the legal and policy issues [the plaintiff] seeks to advance through this litigation.") After beating his wife, Plaintiff has now sued the police officers who responded to her emergency call on the basis that the officers ordered emergency technicians to treat his wife and son before treating him.

Defendant Ben Clearwater and Defendant Scott Ernstes, both Michigan State Police Troopers, filed a motion to dismiss or in the alternative for summary judgment. (Dkt. No. 78) Plaintiff filed a response. (Dkt. No. 81.) Defendants filed a reply. (Dkt. No. 88.) The court has reviewed the motion, accompanying briefs, attachments, and relevant legal authority and finds oral argument unnecessary. *See* W.D. Mich. L.Civ.R. 7.2(d).

Defendants argue, for both the motion to dismiss and for the motion for summary judgment, that they are entitled to qualified immunity. They interpret Plaintiff's claim as one for deliberate indifference to his serious medical needs, falling under the Eighth Amendment.[1] (Def. Br. 5.)

I. MOTION TO DISMISS

    A. STANDARD OF REVIEW

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true any legal conclusions couched as factual allegations.

---

[1] Defendants also argue, to the extent the complaint raises a challenge to Plaintiff's underlying felony conviction, the claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The court does not interpret the complaint as raising a collateral attack on Plaintiff's underlying felony conviction.

2

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face" *Id.* at 570. Ordinarily, a court does not consider documents other than the pleading when considering a 12(b)(6) motion. *Gunasekera v. Irwin*, 551 F.3d 461, 469 n. 4 (6th Cir. 2009). However, documents attached to a pleading become part of the pleading and may be considered on a motion to dismiss. *Commercial Money Ctr. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).

    B. FACTUAL ALLEGATIONS

For the purpose of Defendants' motion to dismiss, the court considers only the amended complaint and Plaintiff's affidavit attached to the amended complaint. The court does not consider the documents attached to Defendants' combined motion. Plaintiff alleges, on August 12, 2007, he was arrested by Defendants and placed in handcuffs on the ground for over one hour. (Amended Compl. 3.) Plaintiff asserts he had been hit with a hammer several times in the back of his head and was bleeding from head wounds. (*Id.*) Plaintiff contends, despite his obvious medical condition, Defendants failed to allow the first emergency technicians who arrived to treat him because he was a parolee with a long record and Defendants simply assumed he was guilty. (*Id.* 2.) Furthermore, some six hours after he was taken to the hospital, Plaintiff alleges Defendants transferred him to the Allegan County jail and stated on the intake form that Plaintiff had no injuries. (*Id.* 3.) Plaintiff asserts he was placed in the drunk tank of the jail for two days with no treatment. (Pl. Affidavit ¶ 9.)

C. DISCUSSION

   1. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, ___ U.S. ___; 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008) (same) (citing *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)). The protection applies whether the official's error is based on a mistake of law, mistake of fact or a mistake based on mixed questions of law and fact. *Pearson*, 129 S.Ct. at 815 (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J. dissenting)). In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court outlined a two step procedure for resolving an official's claim for qualified immunity: (1) a court must decide whether the facts the plaintiff alleges constitute a violation of a constitutional right and (2) a court must then decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* at 815-816. The Supreme Court held the *Saucier* sequence was no longer mandated and authorized judges to exercise their sound discretion in deciding which of the two prongs should be addressed first. *Id.* at 818.

The issue of qualified immunity in the Sixth Circuit Court of Appeals is resolved by applying a three part test which requires a court to determine (1) whether a constitutional right was violated, (2) whether the right was clearly established and one of which a reasonable person would have known, and (3) whether the official's action was objectively unreasonable under the circumstances. *Bornhorst*, 513 F.3d at 511 (citing *Mehra*, 186 F.3d at 691). "An arresting officer is entitled to

4

qualified immunity if he or she could reasonably (even if erroneously) have believed the arrest was lawful, in light of clearly established law and the information possessed at the time by the arresting officer." *Id.* (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). "The doctrine protects all but the plainly incompetent or those who knowingly violate the law. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (quoting *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008)).

When a defendant raises qualified immunity as a defense, the plaintiff bears the burden of establishing the defendant is not entitled to qualified immunity. *Everson*, 556 F.3d at 494 (citing *Baker v. City of Hamilton*, 471 F.3d 601, 605 (6th Cir. 2006)); *Bing v. City of Whitehall*, 456 F.3d 555, 563 (citing *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1999)). The plaintiff must show that the right was clearly established. *Everson*, 556 F.3d at 494 (citing *Barrett v. Steubenville City Sch.*, 388 F.3d 967, 970 (6th Cir. 2004)). The defendant, on the other hand, bears the burden of showing the challenged action was objectively reasonable in the light of existing law. *Id.* (citing *Tucker v. City of Richmond*, 388 F.3d 216, 220 (6th Cir. 2004). In assessing qualified immunity, the facts are taken as alleged by the plaintiff, unless those allegations clearly contradict the record in which case those facts will not be considered. *Everson*, 556 F.3d at 494 (citing *Marvin v. City of Taylor*, 509 F.3d 234, 249 (6th Cir. 2007)). The critical inquiry is "whether it would be clear to a reasonable officer that his [or her] conduct was unlawful in the situation confronted." *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 173 (6th Cir. 2004)) (quoting *Phelps v. Coy*, 286 F.3d 299 (6th Cir. 2002)).

To determine whether a right has been "clearly established," this Court looks first to Supreme Court cases, then to Sixth Circuit cases and finally to decisions of other circuit courts. *Bing*, 456 F.3d at 570 (citing *Daugherty v. Campbell*, 935 F.2d 780, 784 (6th Cir. 1991)). In order for a right

to be clearly established, there need not be a case with a fundamentally or materially similar fact pattern; rather the question is whether the defendants had "fair warning" that their actions were unconstitutional. *Cummings v. City of Akron*, 418 F.3d 676, 687 (6th Cir. 2005). However, "the right must be defined with the appropriate level of specificity to determine whether it was clearly established at the defendants acted." *Risbridger v. Connelly*, 275 F.3d 565, 569 (6th Cir. 2002) (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).

2. Constitutional Right - Deliberate Indifference to Serious Medical Needs

Because Plaintiff was an arrestee when the events giving rise to his complaint occurred, the cause of action arises under the Fourteenth Amendment, not the Eighth Amendment. *See Hollenbaugh v. Maurer*, 221 F.App'x 409, 414-15 (6th Cir. 2007). A claim for the deliberate indifference to medical needs has both an objective and a subjective component. *Id.* (citing *Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005)). To establish the objective component, the plaintiff must establish the medical need at issue was sufficiently serious. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 896 (6th Cir. 2004). Where the facts "show an obvious need for medical attention that laymen would readily discern as requiring prompt medical attention by competent health care providers," the plaintiff need not proffer verifying medical evidence to establish his or her serious medical need. *Id.* at 898. "[I]t is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame." *Id.* at 900. To establish the subjective component, a plaintiff must show the defendant had a sufficiently culpable state of mind in denying medical care. *Id.* at 895. The defendant "must be both aware of facts from which an inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S.

6

825, 837 (1994)). The plaintiff must also show the defendant disregarded the risk of harm. *Phillips v. Roan County, Tennessee*, 534 F.3d 531, 540 (6th Cir. 2008). When faced with multiple defendants, each asserting qualified immunity, a district court must make an individual assessment of whether each defendant had a sufficiently culpable state of mind. *Id.* at 542.

      3. Analysis

Defendants' motion to dismiss must be denied. Taking the facts alleged in the complaint in a light most favorable to Plaintiff, the complaint pleads sufficient facts to survive Defendant's motion to dismiss. Defendants concede Plaintiff had a serious medical need. (Def. Br. 8.) Defendants argue the subjective component of his deliberate indifference claim cannot be established. Defendants also argue the constitutional right alleged by Plaintiff was not sufficiently established. Defendants argue Plaintiff had no right to have his medical needs addressed by emergency technicians before the medical needs of Plaintiff's injured wife and son were addressed by emergency technicians. Defendants assert they prudently arranged for the emergency technicians to treat all injured persons at the scene, including Plaintiff.

In order to grant Defendants' motion to dismiss, the court must assume facts not contained in either the complaint or Plaintiff's affidavit attached to the complaint. From the pleadings, the court can infer that two ambulances arrived after Plaintiff was placed in handcuffs, because Plaintiff states Defendants failed to let the "frist [sic] EMS medical unit" treat him. (Amended Compl. 2.) The court cannot, however, assume that the individuals who arrived in the first ambulance treated anyone, let alone Plaintiff's injured wife and son. The pleadings are simply devoid of any references to any other individuals being treated. From the facts in the pleadings, Plaintiff has alleged both elements of a claim for deliberate indifference to a serious medical need. Plaintiff had a serious

7

medical need; he was bleeding from his head. Defendants had a sufficiently culpable state of mind. They knew he was bleeding and they denied him access to treatment when the first ambulance arrived. As a result, Plaintiff did not get treatment for more than one hour. A constitutional violation for deliberate indifference to serious medical needs under the Fourteenth Amendment has been recognized for more than twenty years. *Phillips*, 534 F.3d at 545.

Based on the facts alleged in the pleading, and taking those facts in a light most favorable to Plaintiff, Defendant's decision to deny Plaintiff treatment by emergency technicians, which resulted in a delay in treatment for more than one hour, was unreasonable and unconstitutional.

II. MOTION FOR SUMMARY JUDGMENT

    A. STANDARD OF REVIEW

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574. The question is "whether the evidence

presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

B.  FACTUAL ALLEGATIONS

For the purposes of Defendants' motion for summary judgment, this court may consider the documents attached to Defendants' combined motion, as well as the pleadings. The facts contained in the documents continue to be construed in a light most favorable to Plaintiff. On August 12, 2007, Plaintiff was on parole. (Amended Compl. V(A).) Defendants Clearwater and Ernstes were dispatched to an apartment complex in Wayland Township around 9:00 p.m. on a report of domestic disturbance. (Def. Ex. 1 - Ernstes Incident Report at 1.) Defendants were informed that a female caller told the dispatcher that she had hit her husband with a hammer. (*Id.*) Defendant Ernstes filed an incident report in which he detailed his observations and actions upon arriving at the apartment complex. (Ernstes Incident Report.) When Defendants arrived at the complex, Defendant Ernstes was met by a female holding an infant. (*Id.* at 2.) The woman informed Defendant Ernstes that Plaintiff had been holding the infant by the neck. (*Id.*) Defendants then proceeded into the apartment complex and to the woman's apartment, where they found Plaintiff and his wife. (*Id.*) Defendant Ernstes observed Plaintiff bleeding from the back of his head. (*Id.*) Defendant Ernstes heard Plaintiff pleading with his wife to leave the apartment before police arrived and to lie because he did not want to go back to prison. (*Id.*) Ernstes also heard the wife tell Plaintiff she was not going to lie for him again and that he had beat her. (*Id.*) Defendant Ernstes announced himself and then took Plaintiff outside the apartment. (*Id.*) Defendant Ernstes observed Plaintiff to be intoxicated and agitated. (*Id.*) Plaintiff told Defendant Ernstes he had been struck with a hammer. (*Id.*) Defendant Ernstes placed Plaintiff in handcuffs. (*Id.*)

9

Defendant Ernstes radioed dispatch and requested an ambulance to check a man who was bleeding from his head and a woman who was complaining of pain in her face, arms, back and neck. (*Id.*) Defendant Ernstes interviewed the wife, who described how Plaintiff had assaulted and beaten her. (*Id.*) The wife also described how Plaintiff had carried their baby by head lock. (*Id.*) When the ambulance arrived, the technicians began to treat the wife. (*Id.*) The wife was strapped to a backboard to secure her, and the infant was also secured for possible injuries and both were transported away. (*Id.*)

Defendant Clearwater filed a separate incident report. (Def. Ex. 2 - Clearwater Incident Report.) Defendant Clearwater's report generally includes the same observations. When he approached the apartment, he observed Plaintiff bleeding from the back of his head. (*Id.* at 1.) Defendant Clearwater heard Plaintiff state he did not want to go back to prison and heard his wife state that she was not going to lie for Plaintiff again. (*Id.*) Defendant Clearwater heard the wife complain of being beaten and observed that her face was severely swollen and red. (*Id.*) Defendant Clearwater indicates an individual from the Allegan County Sheriff's Department led Plaintiff away from the immediate area while Defendant Clearwater assisted the emergency technicians to treat the wife. (*Id.*)

C. ANALYSIS

Taking the facts alleged in a light most favorable to Plaintiff, Defendants are entitled to summary judgment on the basis of qualified immunity. Plaintiff has not established that the constitutional right allegedly violated was clearly established. As was explained above, Plaintiff had a serious medical need and Defendants were subjectively aware of that need. However, unlike the motion to dismiss, this court must also consider that multiple parties presented serious injuries when

the first ambulance arrived. Both Defendants observed the wife's injuries and heard her complaints about pain in her face, arms, back, and neck. Plaintiff does not deny or otherwise dispute Defendants' observations. Plaintiff asserts, without supporting documentary evidence, that at his trial it was established that his wife suffered no more than a bump on the head when she fell down some stairs. (Pl. Resp. ¶ 3.) This unsupported assertion is insufficient to create a genuine issue of material fact on whether multiple parties presented serious injuries.

Plaintiff has presented no authority indicating that his constitutional rights were clearly established under these circumstances. This is not a situation where Defendants were faced with only one injured party and simply refused treatment or unreasonably delayed treatment. Instead, Plaintiff's cause of action rests on Defendants' alleged decision to have Plaintiff's wife and son treated before him. Defendants were faced with multiple injured parties. Defendants have established that Defendant Ernstes requested medical services for both Plaintiff and his wife. Defendants have established that medical treatment was provided to Plaintiff.[2] Plaintiff does not deny any of these facts. Plaintiff has not established that he had a right to treatment before his wife or that such a right was clearly established under these circumstances. Plaintiff has not identified any case law that would have put Defendants on notice that their conduct, under these circumstances,

---

[2]Because Plaintiff concedes he was taken to the emergency room and received treatment, he has no basis for his deliberate indifference claim based on Defendant Clearwater's decision to take Plaintiff to the jail after receiving treatment. In his response brief, Plaintiff asserts, without any supporting documentation or other evidence that "a closed head injury [] by law is to be observed for a minimum of 24 hour's [sic]." (Pl. Resp. ¶ 10.) To the extent this particular act is a separate claim against Defendant Clearwater, Plaintiff has not demonstrated the subjective element of his claim. Plaintiff was under arrest and, having received treatment for his injuries at the emergency room, Defendant Clearwater escorted Plaintiff to the county jail. Plaintiff has not established Defendant Clearwater knew or should have known that Plaintiff's injuries required 24 hours of observation by medical personnel at a hospital.

11

was unconstitutional. *See Lyons v. City of Xenia*, 417 F.3d 565, 579 (6th Cir. 2005) (noting two paths for showing that officers were on notice that their actions violated a clearly established constitutional right, "where the violation was sufficiently 'obvious' under the general standards of constitutional care that the plaintiff need not show 'a body' of 'materially similar case law, [], and where the violation is shown by the failure to adhere to a 'particularized' body of precedent that 'squarely govern[s] the case here.'" (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199-201 (2004)). Any delay in treatment that occurred resulted from having to choose between multiple injured parties. Defendants' actions, under these circumstances and in light of legal precedent, were not unreasonable.

IV. CONCLUSION

Plaintiff's amended complaint pleads sufficient facts to survive Defendant Officer's motion to dismiss. Defendant Officers, however, are entitled to summary judgment on the basis of qualified immunity. Plaintiff has not established that his constitutional right to receive treatment before another injured party was clearly established.

ORDER

For the reasons provided in the accompanying opinion, **IT IS ORDERED:**

1. Defendant Clearwater's and Defendant Ernstes' motion (Dkt. No. 78) to dismiss is **DENIED.**

2. Defendant Clearwater's and Defendant Ernstes' motion in the alternative (Dkt. No. 78) for summary judgment is **GRANTED.**

Date:   February 12, 2010              /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       Chief, United States District Judge