UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH KETOLA,
      Plaintiff,

No. 1:08-cv-31

-v-

HONORABLE PAUL L. MALONEY

BEN CLEARWATER, ET AL.,
      Defendants.

ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT AND
MOTION FOR DEFAULT JUDGMENT

Plaintiff Joseph Ketola, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed an application for entry of default (Dkt. No. 129) against Defendant Kevin Dorlag and a motion for default judgment (Dkt. No. 130) against Defendant Dorlag.

Defendant is not entitled to entry of default or default judgment against Defendant Dorlag. Default may be entered against a party when the party fails to plead or otherwise defend against the relief sought. Fed. R. Civ. P. 55(a). Where service of process is an issue, the court, rather than the clerk, properly considers the application for entry of default. *See Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at * 5 (6th Cir. July 11, 2000) (unpublished table opinion) ("Since service of process was an issue, it was proper for the court rather than the clerk to consider Sandoval's request."). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of process must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The record establishes Defendant Dorlag has not been served with a copy of the summons and complaint. The second summons issued against Defendant Dorlag was returned as unexecuted. (Dkt. No. 68.) Because Defendant Dorlag has not been served, this court has no jurisdiction over him and default

cannot be entered against him. Because default cannot be entered against Defendant Dorlag, Plaintiff is not entitled to default judgment against Defendant Dorlag. Fed. R. Civ. P. 55(b). *See Heard v. Caruso*, 351 F.App'x 1, 15-16 (6th Cir. 2009) ("Prior to obtaining default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682, at 13 (3d ed. 1998)).

For these reasons, Plaintiff's application for entry of default (Dtk. No. 129) and motion for default judgment (Dkt. No. 130) against Defendant Kevin Dorlag are **DENIED. IT IS SO ORDERED.**


Date: June 28, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge